SUMMARY ORDER

Petitioner Moussa Sy, a native and citizen of the Republic of Congo, seeks review of a January 10, 2008 order of the BIA affirming the February 8, 2006 decision of Immigration Judge (“IJ”) Steven R. Abrams denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Moussa Sy, No. A 95 856 020 (B.I.A. Jan. 10, 2008), aff'g No. A 95 856 020 (Immig. Ct. N.Y. City Feb. 8, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard.
As an initial matter, Sy does not address certain of the IJ’s credibility findings. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Accordingly, those findings stand as valid bases for the IJ’s adverse credibility determination.[1] See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). Moreover, substantial evidence supports the credibility findings Sy does challenge.
In concluding that Sy was not credible, the IJ properly found it to be suspicious that, although Sy testified that the Cobras attacked his neighborhood and raped his sister, a letter purportedly from his sister omits these details. In addition, although Sy’s testimony was internally consistent, he testified that during the attack, he and his family were handcuffed and his family’s *700 house was burned down. Again, the IJ reasonably found it to be problematic that Sy’s asylum application and affidavit omitted these details. This Court has recognized that “the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant’s claim to asylum or withholding.” Secaida-Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003). However, in this case, the omissions in Sy’s application, taken together with the other discrepancies the IJ identified, served to undermine Sy’s credibility. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006).
Thus, substantial evidence supported the IJ’s denial of Sy’s application for asylum and withholding of removal where both claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Because Sy failed to challenge the agency’s denial of his request for CAT relief before either the BIA or this Court, we find that any such argument has been abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007); see also Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Arguably, these findings were alone sufficient to support the agency's credibility determination. For example, the IJ found that while Sy told the Asylum Office that he entered the U.S. on a specific date using his former employer’s passport, the Asylum Office’s Assessment indicates that no one with his former employer's name entered the country on that date. In addition, while Sy testified that he has not called his sister since he arrived in the U.S. and that his sister did not have a phone, a letter from his sister asked Sy to call her.